IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAY CHRIS MOBLEY,
    Plaintiff,

vs.                                          Case No. 5:11cv173/RS/CJK

BAY COUNTY, et al.,
    Defendants.
_____

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 4). Upon review of the complaint, the Court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff was confined at the Putnam County Jail at the time he filed the complaint. (Doc. 1). Plaintiff is suing four Bay County Sheriff's Office officials, claiming that they violated his constitutional rights throughout the investigation, arrest, and prosecution stages, resulting in the plaintiff being tortured and coerced into pleading guilty to false charges. (Doc. 1). As a result of the aforementioned conduct, plaintiff seeks "[C]riminal charges be filed. $ 8 Million Dollars in General and Punitive Damages for Pain & Suffering, mental suffering, and Intentional Infliction of emotiona distress, anxiety sleeplessness, nightmares! And MALICIOUS PROSECUTION!" [sic] (Doc. 1, p. 15).

DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff dated his complaint May 20, 2011, the date reflected at the bottom of his complaint. (Doc. 1, p. 15)[1]. The complaint itself was filed in this Court on June 6, 2011. On page three of the civil rights complaint form, Section IV(B) Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" (Doc. 1, p. 3). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "Yes." (Doc. 1, p. 3). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed one case: *Mobley v. McKeithen, et al.*, Case Number: 5:07cv118/RS/CJK, a civil rights case plaintiff filed in this Court on May 30, 2007.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[2] in either state or federal court that relate to the

---

[1] The institutional mailing stamp date on Mr. Mobley's complaint cannot be found in the electronic record. Mr. Mobley has filed a significant number of civil rights complaints over the years, making it difficult for the clerk's office to maintain hard copies of all of Mr. Mobley's documents. Consultation with the clerk's office has revealed that the hard copy of the envelope in which he mailed the complaint (which has now been scanned for the court's CM/ECF filing system) cannot be located. Therefore, the institutional mailing stamp date is unknown, and the undersigned will look to Mr. Mobley's own date on the complaint to determine when he formally submitted it.

[2] Questions (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "Yes" to

fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (Doc. 1, p. 4). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed two state court cases and nine federal cases. The federal cases plaintiff disclosed were: *Mobley v. CCA Corrections Corporation of America, et al.*, Case Number 5:09cv342/MCR/EMT, a civil rights case plaintiff initiated in this Court on October 13, 2009; *Mobley v. McKeithen, et al.*, Case Number 5:09cv332/RS/MD, a civil rights case plaintiff initiated in this Court on October 2, 2009; *Mobley v. Walton County Sheriff's Office, et al.*, Case Number 3:11cv147/MCR/EMT, a civil rights case plaintiff initiated in this court on March 28, 2011; *Mobley v. Walton County Doc, et al.*, Case Number 3:11cv148/RV/EMT, a civil rights case plaintiff filed in this court on March 28, 2011; *Mobley v. Walton County Doc et al.*, Case Number 3:11cv179/LC/EMT, a civil rights case plaintiff filed in this court on April 13, 2011; *Mobley v. Sheriff Ralph Johnson, et al.*, Case Number 3:07cv230/MCR/EMT, a civil rights case plaintiff filed in this court on May 30, 2007; *Mobley v. Walton County Department of Corrections, et al.*, Case Number 3:07cv235/MCR/MD, a civil rights case plaintiff filed in this Court on June 1, 2007; and *Mobley v. Walton County*

---

Question (A) and disclosed one case. (Doc. 1, p. 3).

*Sheriff's Office, et al.*, Case Number 3:11cv231/WS/EMT, a civil rights case filed in this Court on May 11, 2011.  Plaintiff disclosed no other cases.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (Doc. 1, p. 15).  Thus, plaintiff has in effect stated that he initiated no other lawsuits in federal court relating to the conditions of his confinement.

As a matter of course, this Court attempts to make an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the court's jurisdiction.  Further, in the light of 28 U.S.C. § 1915(g)[3], the Court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.  As the Eleventh Circuit explained:  "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C. §

---

[3] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1915(g)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

The Clerk has advised and the Court may take judicial notice, that at the time plaintiff initiated this lawsuit on June 6, 2011, plaintiff had initiated at least six other civil rights actions in this Court that he failed to disclose. On February 16, 2010 (the court filing date), plaintiff initiated *Mobley v. CCA Corrections Corporation of America, et al.*, Case Number 5:10cv34/RS/EMT. There, plaintiff complained of being falsely charged and imprisoned, physically assaulted, malicious prosecution with no investigation, and corrupt law enforcement officials. On May 11, 2011, plaintiff initiated *Mobley v. State of Florida*, Case Number 3:11cv229/LC/EMT. There, plaintiff complained of malicious prosecution, false charges being filed against plaintiff, and incarceration of an innocent individual. On May 11, 2011, plaintiff filed *Mobley v. Sheppard*, Case Number 3:11cv230/LC/CJK. There, plaintiff alleged negligent medical care and failure to give adequate medical supervision. On May 11, 2011, plaintiff initiated *Mobley v. Dr.*, Case Number 3:11cv232/RV/CJK. In that case, plaintiff alleged instances of medical negligence and intentional infliction of emotional distress on behalf of medical staff. On May 11, 2011, plaintiff filed *Mobley v. Santa Rosa County Jail Medical Dept, et al.*, Case Number 3:11cv233/MCR/EMT. In that case, plaintiff alleged excessive medical procedures, intentional infliction of emotional distress, anxiety, shock, fright, sleeplessness, and nightmares, that all resulted from the medical care he received while in jail. On May 11, 2011, plaintiff filed *Mobley v. Corrections Corporation of America, et al.*, Case Number 5:11cv142/RS/GRJ. There, plaintiff alleged various instances of law

enforcement misconduct and unlawful incarceration from false charges. Plaintiff did not disclose any of these cases in the instant complaint. The foregoing cases may be positively identified as having been filed by plaintiff because it bears his Florida Department of Corrections inmate number, DC#22886[4].

The Court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior actions was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3). If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this Court should not allow plaintiff's false response to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.

---

[4] One case, *Mobley v. CCA Corrections Corporation of America, et al.*, Case Number 5:10cv34/RS/EMT**,** does not have plaintiff's inmate number listed, but does feature a plaintiff with the very same name located at the exact address as the instant plaintiff.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 9th day of October, 2012.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).